UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Respondent,

v.

ALFRED LENORIS DAVIS,

Defendant.

Case No. 25-cr-80076-AMC

# AMICUS CURIAE BRIEF

**REGARDING STRUCTURAL SIXTH AMENDMENT VIOLATIONS, CONFLICT OF INTEREST, AND DENIAL OF THE RIGHT TO PRESENT A DEFENSE**

(Filed for Notice Purposes Only — No Relief Requested)

## I. INTEREST OF AMICUS CURIAE

Amicus Curiae submits this brief to assist the Court in identifying constitutional defects apparent ?on the face of the record that implicate the integrity of the adversarial process itself. This submission is limited to matters of law and structure and does not seek to relitigate factual guilt or innocence.

## II. SUMMARY OF CONSTITUTIONAL ISSUES

This case presents the following constitutional concerns:

1. Defense counsel aligned with the prosecution to prevent a defense witness from testifying.
2. A defense witness was compelled into an illegal or coercive proffer, granting the prosecution advance preview of testimony.
3. Other defendants were permitted to present witnesses without proffer, creating unequal application of procedure.
4. The government proceeded without independent evidence, advancing a "silent partner" theory unsupported by testimony.
5. The combined effect deprived the defendant of a meaningful adversarial trial, constituting structural error.

These issues implicate the Sixth Amendment, the Fifth Amendment, and long-standing Supreme Court structural-error doctrine.

## III. GOVERNING LEGAL PRINCIPLES

### A. Sixth Amendment — Conflict-Free Counsel

The Sixth Amendment guarantees not only counsel, but loyal, conflict-free counsel.

- Cuyler v. Sullivan, 446 U.S. 335 (1980)

  When counsel actively represents conflicting interests and that conflict adversely affects performance, prejudice is presumed.

- Holloway v. Arkansas, 435 U.S. 475 (1978)

    Divided loyalty by counsel constitutes automatic reversible error.

Defense counsel's cooperation with the prosecution to suppress defense testimony constitutes an actual conflict, not a strategic choice.

## B. Failure of Adversarial Testing — Structural Error

- United States v. Cronic, 466 U.S. 648 (1984)

    When counsel fails to subject the prosecution's case to meaningful adversarial testing, the proceeding is unconstitutional without any showing of prejudice.

Preventing a defense witness from testifying eliminates adversarial testing at its core.

## C. Right to Present a Defense

- Washington v. Texas, 388 U.S. 14 (1967)

    The right to present witnesses in one's defense is a fundamental element of due process.

- Chambers v. Mississippi, 410 U.S. 284 (1973)

    Suppression of defense testimony undermines the fairness of the trial itself.

## D. Structural Error Doctrine

- Arizona v. Fulminante, 499 U.S. 279 (1991)

    Structural errors affect the framework of the trial and are not subject to harmless-error review.

- Tumey v. Ohio, 273 U.S. 510 (1927)

    Proceedings infected by bias or conflicted adjudication are constitutionally invalid.

The forced proffer, unequal witness treatment, and suppression of defense evidence collectively altered the trial's structure.

## IV. APPLICATION TO THIS CASE

Based on the record as described:

- Defense counsel ceased functioning as an advocate and instead aligned with prosecutorial objectives.
- The government obtained advance access to defense testimony through a compelled proffer.
- The defendant was left without any witness support, while the prosecution advanced uncorroborated theories.
- The imbalance destroyed the adversarial process guaranteed by the Constitution.

This is not an evidentiary error.

It is structural.

## V. PERSUASIVE FLORIDA AUTHORITY

While federal law governs, Florida courts apply identical Sixth Amendment principles:

- Guzman v. State, 644 So.2d 996 (Fla. 1994)

  Representation burdened by conflicting loyalties is per se unconstitutional.

- Hunter v. State, 817 So.2d 786 (Fla. 2002)

  Structural errors undermine the entire proceeding and require reversal.

## VI. CONCLUSION

Where defense counsel joins the prosecution to suppress defense witnesses, the Sixth Amendment is violated, the Fifth Amendment is implicated, and the trial becomes constitutionally unreliable. Supreme Court precedent requires courts to treat such failures as structural error.

This brief is submitted solely to assist the Court in safeguarding the integrity of the judicial process.

Respectfully submitted,

*[signature]*
MAURICE Symonette
Amicus Curiae
Friend of The Court
(Pro Se)

Date: _____