# SUPPLEMENTAL NOTICE OF JURISDICTIONAL DEFECT

(Filed for Notice Purposes Only — No Relief Requested)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.

[DEFENDANT],

Defendant.

Case No. 25-cr-80076-AMC

## I. RECORD DEFECTS SHOWN BY DOCKET AND DOCUMENT IMAGES

Certified docket images and the face of the purported charging document show:

1. No CM/ECF docket entry number on the document itself;
2. No clerk-generated CM/ECF filing stamp;
3. Only a third-party label ("Document 3"), which is not an official docket entry;
4. No self-authenticating indication that the document was filed of record.

A document not traceable to a numbered CM/ECF entry is not part of the court record and cannot confer subject-matter jurisdiction.

## II. GRAND JURY AND RETURN IRREGULARITIES

Sworn witness observations attest that:

- No grand jury was empaneled or returned an indictment in open court;
- A jury pool was addressed as if it were a grand jury;
- The Court referenced or relied upon a redacted indictment, rather than a properly returned and filed instrument.

These facts implicate Fed. R. Crim. P. 6(f) and the Fifth Amendment.

## III. STATUTORY INDICTMENT DEADLINE

18 U.S.C. § 3161(b) requires an indictment to be filed within 30 days of arrest or summons.

Failure to comply mandates dismissal under § 3162(a)(1).

## IV. PROCEEDINGS CONSTITUTE A MOCK TRIAL ABSENT REQUIRED DOCUMENTS

A criminal trial cannot lawfully proceed without jurisdiction conferred by a valid, timely, and properly filed charging instrument. Where those foundational documents are absent, the proceeding is not a trial in law but a simulated proceeding without legal authority.

Here, the record reflects the absence of:

- A properly filed indictment bearing a CM/ECF docket entry number;
- Proof of grand jury return in open court;
- A criminal complaint or sworn probable-cause affidavit initiating charges;
- Compliance with the Speedy Trial Act's indictment deadline.

### A. Jurisdiction Cannot Be Presumed

Jurisdiction cannot be supplied by docket text alone, redacted instruments, courtroom statements, or post-hoc references. The law requires documents of record, not substitutes.

### B. Structural Defect

The absence of a valid charging instrument is a structural defect, not subject to harmless-error analysis. All subsequent proceedings are void ab initio.

### C. Appearance vs. Legal Reality

Although the proceedings may resemble a trial in form, without a lawful indictment on file they lack legal substance. Such proceedings are, in effect, a mock trial conducted without jurisdiction.

## V. PRESERVATION STATEMENT

This Notice is filed solely to preserve the record regarding jurisdictional defects.

No relief is requested.

Respectfully submitted,

[Name / Pro Se or Counsel]

[Date]

---

☑

# VERSION 2 — STAND-ALONE (ONE PAGE)

**NOTICE OF MOCK PROCEEDING / LACK OF SUBJECT-MATTER JURISDICTION**

(This is the sharpest, cannot-be-struck version)

---

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.

[DEFENDANT],

Defendant.

Case No. 25-cr-80076-AMC

## NOTICE OF MOCK PROCEEDING AND LACK OF SUBJECT-MATTER JURISDICTION

(Filed for Notice Purposes Only — No Relief Requested)

Notice is hereby given that the proceedings in this matter lack subject-matter jurisdiction and therefore constitute a mock proceeding, not a lawful criminal trial.

A federal criminal trial may proceed only where jurisdiction is conferred by a valid, timely, and properly filed charging instrument. The record, as confirmed by docket images and the face of the purported indictment, demonstrates the absence of essential jurisdictional documents, including:

1. A charging instrument bearing a CM/ECF docket entry number and clerk filing stamp;
2. Proof of a grand jury return in open court as required by Fed. R. Crim. P. 6(f);
3. A criminal complaint or sworn probable-cause affidavit initiating charges;
4. Compliance with the 30-day indictment deadline under 18 U.S.C. § 3161(b).

A document labeled only as "Document 3," without a CM/ECF docket number or clerk stamp, is not filed of record and cannot invoke the Court's jurisdiction.

Jurisdiction cannot be presumed, implied, or supplied by docket text, redacted references, jury announcements, or judicial efficiency. Where jurisdictional documents do not exist in the record, the Court lacks authority to empanel a jury, receive evidence, or adjudicate guilt.

The absence of a valid charging instrument is a structural defect that renders all subsequent proceedings void ab initio. Proceedings conducted under these circumstances may resemble a trial in form, but in law they constitute a mock trial without constitutional or statutory foundation.

This Notice is filed solely to preserve the jurisdictional record.

No relief is requested.

Respectfully submitted,

*/s/ Maurice S.*

Maurice Symonette
Next Friend Amicus Curiae
Friend of the Court